**Ali SHAHBAIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondents.**

Nos. 05–4506–AG NAC, A 73 170 669.

United States Court of Appeals, Second Circuit.

March 31, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Jonathon S. Gasser, United States Attorney for the District of South Carolina, Frances Trapp, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Ali Shahbain petitions for review of the BIA decision affirming the Immigration Judge ("IJ") Annette S. Elstein's decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning the factual finding only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004). An adverse credibility determination by the agency must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. Id. at 74 (quoting Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted)).

In this case, the IJ's adverse credibility determination was supported by substantial evidence in the record. In determining that Shahbain was not credible, the IJ pointed to the drastic inconsistency between Shahbain's asylum application and his testimony at the hearing, to the vague and evasive nature of Shahbain's testimony concerning the preparation of his asylum application, and to the unlikeliness of his explanation that the inconsistency resulted from the inability of a previous translator effectively to communicate in English. Because the inconsistency at issue was central to Shahbain's asylum claim, and because the IJ was not compelled to accept Shahbain's explanations for the inconsistency, it bore a legitimate nexus to the adverse credibility finding. See Secaida–Rosales, 331 F.3d at 307.

Further, because the only evidence of a threat to Shahbain's life or freedom depended upon Shahbain's credibility, the adverse credibility finding in this case necessarily precluded success on the claim for withholding of removal. See Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.

2003). Finally, in *Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005), this Court determined that, where all of a petitioner's claims—asylum, withholding, and CAT—are based on the same factual predicate, the IJ does not err in relying on a common set of factual findings to deny all of the claims. In this case, Shahbain's CAT claim was based on the same factual predicate as his asylum and withholding claims. Because the IJ properly determined that Shahbain's testimony regarding those facts was not credible, she did not err in relying on that factual finding to deny his CAT claim.

We have considered all of the petitioners' claims and find them to be without merit. The pending motion for a stay of removal in this petition is DENIED as moot.